UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GRANITE STATE INSURANCE CO., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 18-3571** |
| **DELTA MARINE ENVIRONMENTAL, LLC** | **SECTION I** |

## ORDER & REASONS

Before the Court is plaintiffs Granite State Insurance Company and Commerce & Industry Insurance Company's (collectively, the "plaintiffs") motion for entry of a default judgment against defendant Delta Marine Environmental, LLC ("Delta Marine"). The plaintiffs request that the Court enter a judgment in their favor and against Delta Marine in the amount of $304,488.00. They also request pre-judgment interest at an annual rate of 5% and post-judgment interest at the statutory rate until the judgment is paid in full. For the following reasons, the motion is granted.

**I.**

The plaintiffs allege that they issued a workers' compensation insurance policy (the "policy") to Delta Marine beginning in May 2015.[1] The policy period ran from April 30, 2015 to April 30, 2016 (the "first policy period").[2] The plaintiffs allege that Delta Marine owed a total of $336,668 with respect to the first policy period; that

---

[1] R. Doc. No. 1, at 3.
[2] *Id.*

Delta Marine paid $318,307; and that the remaining balance due for the first policy period is $18,361.[3]

In November 2016, the plaintiffs allegedly renewed the policy for the period between April 30, 2016 and April 30, 2017 (the "second policy period").[4] The plaintiffs allege that Delta Marine owed a total of $340,522 for the second policy period; that Delta Marine paid the plaintiffs $85,128; and that Delta Marine has a remaining balance due for the second policy period of $255,394.[5]

Finally, in April 2017, the policy was allegedly renewed for the period between April 30, 2017 and April 30, 2018 (the "third policy period").[6] With respect to the third policy period, the plaintiffs allege that Delta Marine owed a total of $56,703; that Delta Marine was charged a $30 fee; that it paid $26,000; and that the remaining balance due for the third policy period is $30,733.[7]

The total amount that Delta Marine allegedly owes the plaintiffs based on the outstanding balance amounts from each of the three policy periods is $304,488.[8] Asserting a breach of contract claim, the plaintiffs filed this lawsuit against Delta Marine on April 4, 2018.[9]

---

[3] *Id.* at 4.
[4] *Id.*
[5] *Id.* at 5.
[6] *Id.* at 6.
[7] *Id.* at 6–7.
[8] *Id.* at 8.
[9] *See generally id.*

## II.

Pursuant to Federal Rule of Civil Procedure 55(b), the Court may enter a default judgment against a party when it fails to plead or otherwise respond to the plaintiff's complaint within the required time period. Fed. R. Civ. P. 55(b). A plaintiff who seeks a default judgment against an unresponsive defendant must proceed with a two-step process.

First, the plaintiff must petition the clerk for an entry of default, which is simply "the placement of a notation of the party's default on the clerk's record of the case." *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986); *see also United States v. Hansen*, 795 F.2d 35, 37 (7th Cir. 1986) (describing the entry of default as "an intermediate, ministerial, nonjudicial, virtually meaningless docket entry"). Before the clerk may enter the default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Beyond that requirement, the entry of default is largely mechanical.

After the defendant's default has been entered, the plaintiff may request the entry of a judgment on the default. In that context, the court deems the plaintiff's well-pleaded factual allegations admitted. *See Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). At the same time, the court does not hold the defaulting defendant "to [have] admitt[ed] facts that are not well-pleaded or to [have] admitt[ed] conclusions of law." *Id.* The default judgment should not be entered unless the judgment is "'supported by well-pleaded allegations' and . . . ha[s]

'a sufficient basis in the pleadings.'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu*, 515 F.2d at 1206).

If the plaintiff's claim is for a sum certain and the defendant has not made an appearance in court, the clerk may enter a default judgment. Fed. R. Civ. P. 55(b)(1). In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). No party is entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). The disposition of a motion for the entry of a default judgment ultimately rests within the sound discretion of the court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

The Court is entitled to consider many factors when determining whether to enter a default judgment including, "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

### III.

Delta Marine was served on July 9, 2018, and its responsive pleadings were due July 30, 2018.[10] As of this date, Delta Marine has yet to file responsive pleadings or appear in this case. On September 18, 2018, the Clerk of Court entered default

---

[10] *See* R. Doc. No. 8.

against Delta Marine for failure to plead or otherwise defend itself.[11] On October 9, 2018, the plaintiffs moved for a default judgment;[12] to date Delta Marine has not filed a response. The Court must therefore determine whether, accepting the well-pleaded factual allegations in the complaint as true, the plaintiffs are entitled to a judgment against Delta Marine for $304,488, in addition to an award of pre-judgment interest at a rate of 5% per year and post-judgment interest at the statutory rate until the judgment is paid in full.[13]

Although the plaintiffs provided summary judgment-type evidence in support of their breach of contract claim, they did not brief the legal specifics of such claim. The Court ordered Delta Marine to file a brief addressing which state's laws apply, outlining the elements of a breach of contract claim under the laws of the relevant state, and explaining how the complaint's factual allegations satisfy the essential elements of their claim for relief.[14] The plaintiffs filed a supplemental brief and, upon review of the motion and the brief, the Court is satisfied that the plaintiffs are entitled to a default judgment against Delta Marine for a breach of contract.

With respect to damages, the Court cannot enter a default judgment without a hearing "unless the amount is liquidated or easily computable." *Richardson v. Salvation Army S. Territory, USA*, No. 98-10151, 1998 WL 723820, at *1 (5th Cir. 1998). In support of their motion, the plaintiffs submitted several invoices that

---

[11] R. Doc. No. 13.
[12] R. Doc. No. 14.
[13] R. Doc. No. 14, at 1.
[14] *See generally* R. Doc. No. 18.

5

establish the demanded amount and a declaration attesting that the invoices are true and correct copies of those invoices issued to Delta Marine.[15] The Court concludes that the amount demanded is a sum certain in that it is the balance of several invoices submitted to Delta Marine in connection with the workers' compensation insurance policy issued by the plaintiffs. *See Duncan v. Tangipahoa Parish Council*, No. 08-3840, 2009 WL 2514150, at *1 (E.D. La. Aug. 12, 2009) (Engelhardt, J.) (explaining that "[a] sum is certain when the amount claimed is a liquidated one or is one that is capable of mathematical calculation as, for example, an action on a promissory note"). Furthermore, the Court finds that the plaintiffs have submitted sufficient evidence to support their $304,488 claim without the need for an evidentiary hearing.

The plaintiffs also request pre-judgment and post-judgment interest. "State law governs the award of prejudgment interest in diversity cases." *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010) (quoting *Harris v. Mickel*, 15 F.3d 428, 429 (5th Cir. 1994)).[16] Pursuant to Louisiana law, the plaintiffs may recover judicial interest at the established rate. *See* LA. STAT. ANN. § 4202.[17] In cases involving insurance contract obligations, the interest is calculated from the "due date of the obligation in question." *In re Matter of Complaint of Settoon Towing,*

---

[15] *See* R. Doc. Nos. 14-1, 14-2, 14-3, 14-4, 14-5.
[16] The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 as the parties are completely diverse and the amount in controversy, exclusive of interest and costs, exceeds $75,000. R. Doc. No. 14, at 3–4.
[17] Louisiana Revised Statute 13:4202(16) provides that, for lawsuits filed on or after January 1, 2002, the rate of judicial interest shall be set annually by the Louisiana Commissioner of Financial Institutions. The Commissioner publishes the judicial interest rates on his website, and the judicial interest rate in Louisiana has been 5% at all times since this lawsuit was filed. *See* http://www.ofi.state.la.us/.

*L.L.C.*, 720 F.3d 268, 284–85 (5th Cir. 2013) (quoting *American Cyanamid Co. v. Elec. Indus., Inc.*, 630 F.2d 1123, 1129 (5th Cir. Unit A Nov. 21, 1980)); *see also* LA. STAT. ANN. § 2000 (providing that, "[w]hen the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due"). In this case, there are three due dates for three separate obligations, one for each of the three policy periods.

"Federal law governs post-judgment interest." *Fogleman*, 607 F.3d at 173. The plaintiffs may recover post-judgment interest pursuant to 28 U.S.C. § 1961. Section 1961 provides that post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment." The Fifth Circuit "has required that post-judgment interest at the federal rate be assessed against the pre-judgment interest." *Boston Old Colony Ins. Co. v. Tiner Assocs. Inc.*, 288 F.2d 222, 234 (5th Cir. 2002). Therefore, pursuant to the plaintiffs' request and the applicable law, the Court will award post-judgment interest on the entire damages award, including pre-judgment interest.

**IV.**

After considering the plaintiffs' motion and accompanying exhibits, as well as the applicable law, the Court finds that there are no factors that weigh against entering a default judgment against Delta Marine as there are no material facts at

issue, the Court has not been apprised of any good faith mistake or substantial prejudice to Delta Marine, and the grounds for default are clearly established.

Accordingly,

**IT IS ORDERED** that the motion for a default judgment is **GRANTED** and that judgment shall be entered in favor of Granite State Insurance Company and Commerce & Industry Insurance Company and against Delta Marine Environmental, LLC in the principal amount of $304,488.00 (the "principal amount").

**IT IS FURTHER ORDERED** that Granite State Insurance Company and Commerce & Industry Insurance Company shall also be awarded pre-judgment interest on:

- The outstanding balance from the first policy period of $18,361 at 5%, as set forth in Louisiana Revised Statute 13:4202, from October 31, 2016 through the date of entry of this judgment;

- The outstanding balance from the second policy period of $255,394 at 5%, as set forth in Louisiana Revised Statute 13:4202, from September 28, 2017 through the date of entry of this judgment;

- The outstanding balance from the third policy period of $30,733 at 5%, as set forth in Louisiana Revised Statute 13:4202, from January 28, 2018 through the date of entry of this judgment.

**IT IS FURTHER ORDERED** that Granite State Insurance Company and Commerce & Industry Insurance Company shall be awarded post-judgment interest, at the federal statutory rate pursuant to 28 U.S.C. § 1961, on both the principal amount and the pre-judgment interest amounts, from the date of entry of this judgment until paid.

New Orleans, Louisiana, November 20, 2018.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**